defect had been visible and apparent for sufficient time to permit defendant to discover and remedy it. Since there was no evidence of a defective condition concerning the rug, defendant, on summary judgment, was not required to offer evidence as to when it last inspected the rug (*see e.g. Wellington v Manmall, LLC*, 70 AD3d 401 [2010]). In opposition, plaintiffs failed to adduce evidence raising any genuine triable issue of fact (*see Kwitny v Westchester Towers Owners Corp.*, 47 AD3d 495 [2008]). Plaintiff husband's affidavit as to the condition of the rug and its placement was insufficient to do so, inasmuch as his observations at the accident scene were made only after the accident occurred.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVELYN LAPORTE, Appellant. [930 NYS2d 443]—

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MULLIKIN, Appellant. [930 NYS2d 443]—

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL BURGESS, Appellant. [930 NYS2d 442]—

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]). Defendant may not challenge the voluntariness of his underlying guilty plea on this appeal (*see People v Jordan*, 16 NY3d 845 [2011]). Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRUMAINE TURANE, Appellant. [930 NYS2d 442]—

The court properly denied defendant's suppression motion. The arresting officers' recollections were sufficient to establish that a nontestifying officer observed defendant selling drugs, thereby providing probable cause for defendant's arrest (*see People v Ketcham*, 93 NY2d 416, 419-420 [1999]; *People v Washington*, 87 NY2d 945 [1996]).

Defendant did not preserve his challenge to the legal sufficiency of the evidence and we decline to review it in the interest of justice. As an alternative holding, we find that the court's